THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>NIEM H. DOAN,<br><br>　　　　　　　Defendant. | CASE NO. CR15-0120-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motions for compassionate release (Dkt. Nos. 1245, 1273), the parties' motions to seal (Dkt. Nos. 1274, 1284), and the Government's motion for leave to file an overlength brief (Dkt. No. 1282). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES Defendant's motions for compassionate release (Dkt. Nos. 1245, 1273) and GRANTS the parties' motions to seal and the Government's motion to file an overlength brief (Dkt. Nos. 1274, 1282, 1284) for the reasons explained herein.

I.  **BACKGROUND**

Defendant is currently serving a 150-month sentence at FCI Victorville following 2016 guilty pleas on counts of conspiracy to distribute controlled substances and felon in possession of a firearm. (Dkt. No. 961.) Defendant filed a *pro se* motion for compassionate release, followed by counsel's amended motion. (Dkt. Nos. 1245, 1273.) Defendant asserts that, in light of the

COVID-19 pandemic, his medical conditions represent sufficiently extraordinary and compelling reasons to justify reducing his sentence under 18 U.S.C. § 3582(c)(1). (*See generally* Dkt. Nos. 1245, 1273.)

## II.     DISCUSSION

### A.     Defendant's Motion for Compassionate Release

A court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's relevant policy statement adds that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community." United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. The policy statement also directs courts to consider the factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13 cmt. n.4. Taken together, the policy statement and 18 U.S.C. § 3582(c)(1)(A) establish three requirements that must be satisfied before reducing a defendant's sentence: extraordinary and compelling reasons must warrant release, a defendant cannot represent a danger to the community upon release, and any reduction in the defendant's sentence must be consistent with 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Defendant bears the burden of making this showing. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

Medical conditions may represent extraordinary and compelling reasons if an inmate "suffer[s] from a serious physical or medical condition . . . that substantially diminishes the [defendant's] ability . . . to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 cmt. n.1(A). This can include health conditions that make an inmate significantly more vulnerable to COVID-19. *See United States v. Cosgrove*, 454 F. Supp. 3d 1063, 1067 (W.D. Wash. 2020); *United States v. Dorsey*, 461 F. Supp. 3d 1062, 1065 (W.D. Wash. 2020).

Defendant asserts that he suffers from Chron's disease and that this is an extraordinary

and compelling circumstance warranting a reduction in his sentence. (Dkt. No. 1273 at 7.) While there is some question whether Defendant, in fact, does suffer from Chron's disease,[1] the Court need not resolve the issue to address Defendant's motions. Chron's disease, absent acute symptoms or interaction with other risk factors, is not an extraordinary and compelling circumstance warranting a reduction in sentence. *See, e.g.*, *United States v. DeMille*, 465 F. Supp. 3d 1144, 1149 (D. Or. 2020) (compiling cases); *United States v. Dana*, 467 F. Supp. 3d 962 (D. Or. 2020) (same). However, Defendant argues that his Chron's disease increases his potential risk from COVID-19. (Dkt. No. 1273 at 7–11.) He provides no evidence to support this assertion. Moreover, according to the Centers for Disease Control and Prevention, Chron's disease does *not* increase Defendant's risk of severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. In addition, Defendant previously tested positive for COVID-19 while in Bureau of Prison custody. (Dkt. No. 1275 at 1–3.) At the time, he suffered from the same Chron's disease symptoms that he describes today. (*Id.*) Nevertheless, he recovered from his COVID-19 infection without medical intervention. Therefore, he may be less likely to contract COVID-19 again and, even if he is reinfected, his own personal experience would suggest that his Chron's disease does not elevate his risk of serious illness from the infection. (*See* Dkt. No. 1283 at 10.)

Accordingly, Defendant has failed to meet his burden of establishing that extraordinary and compelling reasons warrant release. Therefore, the Court need not consider whether Defendant meets the remaining requirements for release. The Court DENIES Defendant's motions for compassionate release (Dkt. Nos. 1245, 1273).

//

---

[1] Defendant believes he suffers from Chron's disease based upon his symptoms but has never been formally diagnosed as having the disease, despite a variety of diagnostic procedures over the last three years. (Dkt. No. 1275 at 9, 12.)

### B. Motions to Seal and to File Overlength Brief

The parties move to maintain under seal exhibits containing Defendant's medical records (Dkt. Nos. 1274, 1284). The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To overcome that presumption, a party seeking to seal a judicial record must show "compelling reasons" to seal the record if it relates to a dispositive pleading. *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Here, the exhibits contain Defendant's confidential and highly personal medical information. There is little value in disclosing this information to the public. Therefore, there is a compelling interest in maintaining the confidentiality of such records and that interest outweighs the public's interest in their disclosure. *See Kamakana*, 447 F.3d at 1179. Thus, the Court GRANTS the parties' motions to seal (Dkt. Nos. 1274, 1284).

Finally, the Government moves to file a 13-page brief (Dkt. No. 1284). This brief is in response to Defendant's *pro se* motion for compassionate release (Dkt. No. 1245) and Defendant's amended motion for compassionate release (Dkt. No. 1273), which total 24 pages. A response brief of 13 pages is reasonable. Therefore, the Court GRANTS the Government's motion to file an overlength brief (Dkt. No. 1284).

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motions for compassionate release (Dkt. Nos. 1245, 1273) and GRANTS the parties' motions to seal and the Government's motion to file an overlength brief (Dkt. Nos. 1274, 1282, 1284). The Clerk is DIRECTED to maintain Docket Numbers 1275 and 1285 under seal until further order of the Court.

//
//
//
//

1  DATED this 23rd day of November 2020.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR15-0120-JCC
PAGE - 5