THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>   v.<br><br>NIEM H. DOAN,<br><br>             Defendant. | CASE NO. CR15-0120-JCC-4<br><br>ORDER |

This matter comes before the Court on Defendant's motion for a reduction in sentence (Dkt. No. 1411). Having considered the briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

Defendant was sentenced December 13, 2016, for conspiracy to distribute controlled substances (Count 1) and felon in possession of a firearm (Count 49). (*See* Dkt. Nos. 372, 960, 961.) He now asks for a reduction in his sentence pursuant to Amendment 821 to the USSG. (Dkt. No. 1411.)[1]

For Defendant to qualify for such a reduction, it must be consistent with the Sentencing Commission's applicable policy statements. 18 U.S.C. § 3582(c)(2); *see United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). This includes that a sentencing court cannot

---

[1] He does not specify on what basis he seeks this reduction. (*See generally id.*)

reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range. 1B1.10(a)(2)(B). Nor can it reduce the offense level for certain zero-point offenders unless that offender meets certain criteria. *See* USSG § 4C1.1(a).[2]

Here, Defendant's sentencing range is not altered by Amendment 821. This is because the Court did not include any status points when calculating Defendant's criminal history category. (*See* Dkt. No. 956 at 9–11.) And Defendant fails to qualify as a zero-point offender because (a) he received criminal history points from Category Four, Part A, and (b) he possessed firearms at the time of his offense. (*See id.*)

Accordingly, Defendant's motion for a reduction of his sentence (Dkt. No. 1411) is DENIED.

//
//
//
//

---

[2] The full list of criteria includes:

>  (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>  (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>  (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>  (4) the offense did not result in death or serious bodily injury;
>  (5) the instant offense of conviction is not a sex offense;
>  (6) the defendant did not personally cause substantial financial hardship;
>  (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>  (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
>  (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
>  (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels. USSG § 4C1.1(a).

*Id.*

DATED this 8th day of April 2024.

*John C. Coughenour* (signature)

John C. Coughenour
UNITED STATES DISTRICT JUDGE

DATED this 8th day of April 2024.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE